

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

**UNITED STATES OF AMERICA**

v.  Criminal No. **3:06CR229**

**TAEMON LAMAR MASHORE,**

    Petitioner.

### MEMORANDUM OPINION

Taemon Lamar Mashore, Jr., a federal inmate proceeding *pro se*, brings this motion pursuant to 28 U.S.C. § 2255 ("§ 2255 Motion," ECF No. 47). The Government has moved to dismiss, asserting that Mashore's § 2255 Motion is barred by the statute of limitations. (ECF No. 51.) Mashore has replied. (ECF Nos. 52–54.) For the reasons set forth below, Mashore's § 2255 Motion will be DENIED.

### I. Procedural History

On September 15, 2006, Mashore pled guilty to conspiracy to possess with intent to distribute fifty grams or more of cocaine base (Count One) and possession of a firearm in furtherance of a drug trafficking crime (Count Four). (ECF No. 19; ECF No. 43, at 1.) On December 12, 2006, the Court entered final judgment and sentenced Mashore to the mandatory minimum statutory sentence for each offense. (J. 2, ECF No. 32.) Specifically, the Court sentenced Mashore to 120 months on Count One to be followed by a sixty-month consecutive sentence on Count Four. (*Id.*) Mashore did not appeal.

On May 31, 2017, Mashore executed his § 2255 Motion and presumably placed it in the prison mail system for mailing to this Court. (§ 2255 Mot. 6.)[1] The Court deems the § 2255

---

[1] The Court utilizes the pagination assigned to Mashore's submissions by the CM/ECF docketing system.

Motion filed as of that date. *See Houston v. Lack*, 487 U.S. 266, 276 (1988). In his § 2255 Motion, Mashore contends that he is entitled to relief because the Court committed a number of errors in imposing his sentence.[2] Mashore contends his § 2255 Motion is timely filed because he filed it within one year of the Supreme Court's decision in *Dean v. United States*, 137 S. Ct. 1170 (2017).[3] As explained below, the decision in *Dean* fails to provide Mashore a belated commencement of the limitation period and the action is untimely.

## II. Analysis

### A. Running of the Statute of Limitations

Section 101 of the Antiterrorism and Effective Death Penalty Act ("AEDPA") amended 28 U.S.C. § 2255 to establish a one-year period of limitation for the filing of a § 2255 Motion. Specifically, 28 U.S.C. § 2255(f) now reads:

> (f) A 1-year period of limitation shall apply to a motion under this section. The limitation period shall run from the latest of—
> (1) the date on which the judgment of conviction becomes final;
> (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
> (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly

---

[2] For example, Mashore contends that, "this district court erred when at the movant's sentencing hearing in 2006, it justified its sentencing decisions under the guidance of USSG § 5G1.1(b) to impose two mandatory minimum awards in punishment to be served consecutively." (ECF 48, at 3 (emphasis in original).) It is unnecessary to unravel all of Mashore's inchoate arguments of error as the statute of limitations clearly bars the action.

[3] In *Dean*, the Supreme Court of the United States held that a district court is not prohibited from considering the impact of the mandatory minimum sentence required under 18 U.S.C. § 924(c) in determining the appropriate sentence for the predicate offense. *See Dean*, 137 S. Ct. at 1176–77 ("Nothing in § 924(c) restricts the authority conferred on sentencing courts by § 3553(a) and the related provisions to consider a sentence imposed under § 924(c) when calculating a just sentence for the predicate count.").

2

> recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> **(4)** the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255(f). Because Mashore did not appeal, under 28 U.S.C. § 2255(f)(1), his conviction became final on Wednesday, December 27, 2006, the last date to file a notice of appeal. *See United States v. Clayton*, No. 3:07CR488, 2010 WL 4735762, at *3 (E.D. Va. Nov. 15, 2010) (citing *Arnette v. United States*, Nos. 4:01CR16, 4:04CV122, 2005 WL 1026711, at *4 (E.D. Va. May 2, 2005)); Fed. R. App. P. 4(b)(1)(A) (effective until December 9, 2009) (requiring defendant to file an appeal within ten (10) days of the entry of judgment). Thus, Mashore's § 2255 Motion that he filed in 2017 is untimely unless he demonstrates some basis for a belated commencement of the limitation period or some equitable basis for avoiding the limitation period.

### B.  Belated Commencement Under 28 U.S.C. § 2255(f)(3)

Mashore suggests that the decision in *Dean* entitles him to a belated commencement of the limitation period under 28 U.S.C. § 2255(f)(3). In order to obtain a belated commencement of the limitation period under § 2255(f)(3), a petitioner "must show: (1) that the Supreme Court recognized a new right; (2) that the right 'has been . . . made retroactively applicable to cases on collateral review'; and (3) that he filed his motion within one year of the date on which the Supreme Court recognized the right." *United States v. Mathur*, 685 F.3d 396, 398 (4th Cir. 2012) (quoting 28 U.S.C. § 2255(f)(3)). The decision in *Dean* fails to provide a basis for a belated commencement of the limitation period as that decision fails to recognize a new right that applies retroactively to cases on collateral review. *In re Dockery*, 869 F.3d 356 (5th Cir. 2017) (denying authorization to file a successive § 2255 because motion did not show that *Dean*

3

announced a new rule of constitutional law that was made retroactive to cases on collateral review); *Alvarez-Murillo v. United States*, No. 3:14–cr–0343–B (BT), 3:17–cv–1124–(B) (BT), 2018 WL 3489638, at *1 (N.D. Tex. May 29, 2018), *report and recommendation adopted*, No. 3:14–CR–0343–B (BT), 3:17–CV–1124–B (BT), 2018 WL 3475601 (N.D. Tex. July 18, 2018); *United States v. Clark*, No. 2:14–cr–20199, 2018 WL 3207975, at *3 (E.D. Mich. June 29, 2018); *United States v. Dean*, 3:08–479–CMC, 2017 WL 6349834, at *2 (D.S.C. Dec. 13, 2017). Accordingly, Mashore is not entitled to belated commencement of the limitation period in light of the decision in *Dean*.

## III. Request for Relief Under the All Writs Acts

Mashore also has filed a "MOTION FOR LEAVE TO FILE PETITION FOR EXTRAORDINARY WRIT OF ERROR," ("Motion for Writ," ECF No. 54), wherein he contends that he is entitled to use the All Writs Act, 28 U.S.C. § 1651(a) to challenge his sentence. The All Writs Act, "permits 'courts established by Act of Congress' to issue 'all writs necessary or appropriate in aid of their respective jurisdictions.'" *United States v. Denedo*, 556 U.S. 904, 911 (2009) (quoting 28 U.S.C. § 1651(a)). The "All Writs Act is a residual source of authority to issue writs that are not otherwise covered by the statute. Where a statute specifically addresses the particular issue at hand, it is that authority, and not the All Writs Act, that is controlling." *Carlisle v. United States*, 517 U.S. 416, 429 (1996) (citation omitted). Here, 28 U.S.C. § 2255 specifically addresses challenges to a conviction or sentence by a federal prisoner, thus that statute is controlling. *See Ortiz v. United States*, 555 F. App'x 261, 262 (4th Cir. 2014). As explained above, any attempt by Mashore to challenge his sentence is barred by the relevant statute of limitations. Accordingly, Mashore's Motion for Writ (ECF No. 54) will be DENIED.

4

## IV. Conclusion

For the foregoing reasons, Mashore's § 2255 Motion (ECF No. 47) will be DENIED as barred by the statute of limitations. The Government's Motion to Dismiss (ECF No. 51) will be GRANTED. As Mashore has not demonstrated his entitlement to relief, his Motion for Summary Judgment (ECF No. 52) will be DENIED. Similarly, Mashore's "MOTION OF COURSE FOR COURT TO ENTER JUDGMENT DEDUCTIBLE BY DUE PROCESS RIGHTS," (ECF No. 53), wherein he demands a prompt, favorable ruling on his Motion for Summary Judgment, will be DENIED. The Motion for Writ (ECF No. 54) will be DENIED. The action will be DISMISSED. A certificate of appealability will be DENIED.

An appropriate Order will accompany this Memorandum Opinion.

/s/
M. Hannah Lauck
United States District Judge

Date: OCT 1 9 2018
Richmond, Virginia

5